UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

JUBILANT GENERICS LIMITED,     )
                                          )
            Plaintiff            )
                                          )
          v.                 )     2:23-cv-00237-JDL
                                          )
DECHRA VETERINARY           )
PRODUCTS, LLC,                )
                                          )
            Defendant      )

## ORDER ON MOTION FOR LETTER REQUEST

Pursuant to the Hague Evidence Convention, Plaintiff asks the Court to issue a letter request to require two England business entities (the entities) to produce documents that Plaintiff contends are relevant to Plaintiff's claim that Defendant misappropriated certain confidential and proprietary information Defendant obtained from Plaintiff pursuant to the parties' contract.  (Motion for Letters, ECF No. 54.)  One of the entities (Dechra Pharmaceutical PLC) is Defendant's parent company, and the other entity (Freya Bidco Limited) acquired Defendant during the pendency of the parties' dispute regarding the information.  Defendant opposes Plaintiff's motion.

After consideration of the parties' arguments and following a review of the record, the Court grants Plaintiff's motion.

### DISCUSSION

Plaintiff seeks from the entities information that it believes will confirm that Defendant misappropriated Plaintiff's confidential information and will demonstrate the benefits Defendant has realized and will realize as the result of the misappropriation.

Defendant contends Plaintiff's document requests are overly broad and seek information available by other means.

A letter of request, or a letter rogatory, is "a formal request from a court in which an action is pending, to a foreign court to perform some judicial act." 22 C.F.R. § 92.54. Letters rogatory are commonly used to facilitate the taking of evidence from non-parties located in foreign jurisdictions. *Id.*; *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 248 n.1 (2004). "Requests rest entirely upon the comity of courts toward each other, and customarily embody a promise of reciprocity." 22 C.F.R. § 92.54.

This Court has the inherent authority to issue letters rogatory and may issue letters rogatory directly to a foreign tribunal. 28 U.S.C. § 1781(b)(2); *Google Inc. v. Rockstar Consortium U.S. LP*, No. 4:13-cv-05933, 2014 WL 8735114, at *1 (N.D. Cal. Oct. 3, 2014). The decision to exercise that authority is a matter of discretion. *Triumph Aerostructures, LLC v. Comau, Inc.*, No. 3:14-CV-02329, 2015 WL 5502625, at *2 (N.D. Tex. Sept. 18, 2015); *Rockstar Consortium*, 2014 WL 8735114, at *1.

A court generally will not weigh the evidence sought or predict whether the evidence will be obtained in the foreign jurisdiction. *Rockstar Consortium*, 2014 WL 8735114, at *1. However, "[j]udicial supervision of discovery should always seek to minimize its costs and inconvenience and to prevent improper uses of discovery requests." *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa*, 482 U.S. 522, 546 (1987).

In assessing a request for letters, a court considers "(1) the importance to the … litigation of the documents or other information requested; (2) the degree of specificity of

the request; (3) whether the information originated in the United States; (4) the availability of alternative means of securing the information; and (5) the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located." *Luminati Networks Ltd. v. Teso LT, UAB*, No. 2:29-CV-00395-JRG, 2020 WL 6815153, at *1) (quoting *Societe Nationale*, 482 U.S. at 544 n.28). Additionally, a court's exercise of discretion is informed by the discovery standards set forth in Rule 26(b) of the Federal Rules of Civil Procedure. *Triumph Aerostructures, LLC*, 2015 WL 5502625, at *3. Rule 26 authorizes the following discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Here, the relevant factors militate in favor of granting Plaintiff's request. The gravamen of Plaintiff's complaint is that Defendant misappropriated Plaintiff's confidential information and Plaintiff has persuasively argued that the entities, which consist of Defendant's parent company and its successor, likely have relevant information to Plaintiff's liability and damages claims. Although certain aspects of Plaintiff's requests warrant modification to remain proportional to the needs of the case, contrary to Defendant's argument, the core of the requests is neither overbroad nor vague. Rather,

with some modest modification and temporal limit, the requests are reasonably focused and designed to obtain information that is relevant and potentially material to Plaintiff's claim (e.g., documents the entities possess or have generated regarding Defendant's use and possible dissemination of Plaintiff's confidential information as that term is defined in the parties' contract).

The Court is unpersuaded by Defendant's assertion that the requests should be denied because they go beyond the scope of permissible discovery under the law of the foreign jurisdiction.  Courts do not necessarily apply precisely the same criteria when receiving letters rogatory as they might during a comparable domestic civil action, *cf. Intel*, 542 U.S. at 261, and while it can be a relevant factor in some cases, that question is ordinarily appropriate for the receiving court to assess when deciding whether to provide the requested assistance. *See Triumph Aerostructures*, 2015 WL 5502625, at *15 ("[W]hether the discovery sought through a letter of request will be executed in light of possible limitations in foreign law is a matter appropriate for the foreign tribunal, rather than this Court, to determine") (collecting cases).

Defendant's contention that the information can be obtained through alternative means is also unpersuasive.  While the availability of an alternative means of obtaining the requested information is a legitimate consideration, particularly "in the face of objections by foreign states," *Societe Nationale Industrielle Aerospatiale*, 482 U.S. 522, 544 n. 28 (1987), the Court is not convinced that Plaintiff could obtain the information from other sources.

CONCLUSION

Based on the foregoing analysis, the Court grants Plaintiff's motion for letter request.[1] The approved Letter Request is attached to this Order.

## NOTICE

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 22nd day of February, 2024.

---

[1]Precedent suggests that the burden is on the party opposing the issuance to show "good reason" for the denial a motion for a letter request.  *Sec. Ins. Co. of Hartford v. Trustmark Ins. Co.*, 218 F.R.D. 24, 26-27 (D. Conn. 2003) ("A party opposing issuance of a letter rogatory must show 'good reason' why such letter should not issue."); *DBMS Consultants Ltd. v. Computer Assocs. Int'l, Inc.*, 131 F.R.D. 367, 369 (D. Mass. 1990) ("Courts and commentators take the position that some good reason must be shown by the opposing party for a court to deny an application for a letter rogatory").  In this case, not only has Defendant failed to demonstrate a good reason to deny the request, but Plaintiff has established cause for the letter request.