UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JUBILANT GENERICS LIMITED, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )   2:23-cv-00237-JCN |
| | ) |
| DECHRA VETERINARY PRODUCTS LLC, | ) |
| | ) |
| Defendant | ) |

**ORDER ON MOTION TO STRIKE REQUEST FOR JURY TRIAL**

In this action, Plaintiff alleges that Defendant Dechra Veterinary Products, LLC retained and misused confidential information in violation of a Licensing and Supply Agreement. The matter is before the Court on Plaintiff's motion to strike Defendant's jury trial demand. (Motion to Strike, ECF No. 103.) Following a review of the record and after consideration of the parties' arguments, the Court denies Plaintiff's motion to strike.

**PROCEDURAL BACKGROUND**

On June 7, 2023, Plaintiff filed its complaint against Defendant alleging (i) breach of contract, (ii) misappropriation of trade secrets, (iii) violation of the Federal Defend Trade Secrets Act, and (iv) replevin. (Complaint at 18–24, ECF No. 1.) On August 4, 2023, Defendant filed a motion for more definitive statement with respect to Plaintiff's misappropriation of trade secrets claim. (ECF No. 31.) On the same day, Defendant also filed a counterclaim and what Defendant refers to as a "partial" answer. (ECF No. 30.) The partial answer did not contain a jury demand. (*Id.*) The Court's Amended Scheduling Order, issued August 28, 2023, stated that a jury trial was not demanded but noted that "[i]n the joint

objection, the parties represent[ed] that the jury trial issue might be the subject of future pleadings and proceedings in the matter."[1]  (ECF No. 36.)

On August 24, 2023, Plaintiff filed a motion to dismiss Defendant's counterclaim and to compel arbitration on the counterclaim. (ECF No. 34.) Defendant filed a demand for a jury trial on the counterclaim on September 6, 2023. (ECF No. 37.) Plaintiff filed a motion to strike Defendant's demand; the Court denied the motion. (Motion, ECF No. 47; Order, ECF No. 64.) On March 28, 2024, the Court granted Plaintiff's motion to compel arbitration as to the counterclaim. (Order on Motion to Compel Arbitration, ECF No. 71.)

On April 25, 2024, following the Court's grant of Defendant's motion for a more definitive statement, (ECF No. 64), Plaintiff filed an amended complaint. (Amended Complaint, ECF No. 76.) In response, on May 16, 2024, Defendant filed a motion to dismiss and a "partial" answer. (Answer and Motion to Dismiss, ECF Nos. 81, 82.) Through the partial answer, Defendant requested "a trial by jury to all issues so triable." (*Id.* at 12.) The Court denied Defendant's motion to dismiss on July 24, 2024. (Order on Motion to Dismiss, ECF No. 95.) On August 7, 2024, Defendant filed an answer to the amended complaint. (Answer to Amended Complaint, ECF No. 98.) In this answer, Defendant requested "a trial by jury as to all issues so triable." (*Id.* at 15.) On August 27, 2024, Plaintiff filed the motion to strike Defendant's jury demand at issue in this Order.

---

[1] The joint objection states "JUBLIANT has not requested a jury trial as to its Complaint. Dechra intends to file a demand for a jury trial as to its Counterclaim. JUBLIANT's position is that DECHRA's Counterclaim should be compelled to arbitration and that, if the Counterclaim is not compelled to arbitration, DECHRA's demand for a jury trial has been waived." (ECF No. 35.)

## THE PARTIES' ARGUMENTS

In its motion, Plaintiff argues that Defendant waived its right to a jury trial because Defendant's answer to the original complaint did not contain a jury demand. (Plaintiff's Motion to Strike at 3.) Plaintiff also argues that Defendant's jury demand in its answer to the amended complaint is not timely because the amended complaint did not contain any new claims. (*Id.* at 4–5.)

Defendant contends that because it filed motions in response to the original complaint and amended complaint, its answers were partial and not necessary and, therefore, the lack of a jury demand in the answers did not constitute a waiver. (Defendant's Response to Motion to Strike at 2–4, ECF No. 104.) In the alternative, Defendant asks the Court to exercise its authority under Federal Rule of Civil Procedure 39(b) to allow Defendant's jury trial request. (*Id.* at 6.)

In its reply memorandum, Plaintiff argues that Defendant's motion to dismiss did not "toll" the deadline to demand a jury trial and, therefore, Defendant's jury demand is untimely. (Plaintiff's Reply in Support of Motion to Strike at 2–4, ECF No. 105.) Plaintiff also maintains that if the Court concludes that Defendant's partial motion to dismiss tolled the jury demand deadline, the motion to strike should nevertheless be granted as to the breach of contract claim, which was not subject to the motion to dismiss. (*Id.* at 4 n.2.) Plaintiff further contends that the Court should deny Defendant's Rule 39 request. (*Id.* at 4.)

## DISCUSSION

### A.  Waiver of Jury Trial (Rule 38)

Federal Rule of Civil Procedure 38 provides that "[o]n any issue triable by a jury, a party may demand a jury trial by . . . serving the other parties with a written demand—which

3

may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served. . . ." Fed. R. Civ. P. 38(a). An amended complaint will 'reignite' the right to demand a jury trial only if the amended complaint adds new issues to the case. *Pastula v. Lane Const. Corp.*, No. Civ. 1:05-133-W, 2006 WL 462350, at *2 (D. Me. Feb. 23, 2006). If a party files only a "partial answer", the caselaw is unclear whether that partial answer waives the right to demand a jury trial in part, or not at all. *Compare Edward Andrews Group Inc. v. Addressing Servs. Co.*, No. 07 Civ. 4607(AJP), 2008 WL 449944, at *1 (S.D.N.Y. Feb. 20, 2008) *with Horwitz v. Alloy Auto. Co.*, 677 F. Supp. 564, 566 (N.D. Ill. 1988).

The decisions and reasoning in *Edward Andrews Group Inc. v. Addressing Services Co.* and *Horwitz v. Alloy Automotive Co.* are instructive. In *Edward*, the court found that the defendant properly requested a jury trial when the request was included in its answer to the amended complaint but not in its partial answer to the original complaint. *Edward Andrews Group Inc.*, 2008 WL 449944, at *1. In response to the original complaint, which did not include a jury demand, the defendant filed a partial answer addressing the first claim, a breach of contract claim, and filed a motion to dismiss the second claim, an unjust enrichment claim. *Id.* The defendant's partial answer did not include a jury demand. *Id.* The district court granted the motion to dismiss but allowed the plaintiff to refile. *Id.* In its answer to the amended complaint, the defendant included a jury demand. *Id.* The court found that because the answer to the amended complaint was the defendant's "first pleading directed to the second claim," the defendant made a timely jury demand, seemingly to both claims.[2] *Id.* (emphasis

---

[2] Plaintiff argues that the court reached this conclusion by relying on its discretion under Rule 39(b) to order a jury trial. In *Edward*, the court stated that even if it had found that a jury demand was not timely made, it could use its discretion under Rule 39(b) to order a jury trial. *Id.*

4

omitted). The fact that the defendant had filed a partial answer, contrary to the typical practice, did not change the analysis. *Id.* at *2 n.1 ("Many lawyers moving to dismiss one claim in a two claim complaint would not have filed an answer until the motion was decided. [The defendant] did so, which complicates matters but should not change the analysis."). The court, however, agreed with the plaintiff that if the second claim had been "discontinued," the defendant would have failed to demand timely a jury. *Id.* at *2 n.2.

In *Horwitz v. Alloy Automotive Co.*, the court found that the right to demand a jury was waived as to the issues addressed by a partial answer. *Horwitz v. Alloy Auto. Co.*, 677 F. Supp. 564, 566 (N.D. Ill. 1988). The plaintiffs had filed an amended complaint before the defendants answered the original complaint. *Id.* at 565. In response to the amended complaint, the defendants answered two of the claims in the amended complaint, trademark infringement and deceptive trade practices, and moved to dismiss the remaining claims. *Id.* The plaintiff subsequently filed a second amended complaint which included the trademark infringement and deceptive trade practices claims. *Id.* at 565–66. The plaintiff later filed a jury demand, prior to the defendant's responsive pleading to the second amended complaint. *Id.* at 566. Because defendant's partial answer responded to the trademark infringement and deceptive trade practices claims, the court found that the plaintiffs waived their right to a jury trial on those claims. *Id.* The court, however, ultimately used its discretion under Rule 39(b) to permit a jury trial on the trademark infringement and deceptive trade practices claims as well. *Id.* at 567.

The Court finds the reasoning of *Horwitz* to be logical and consistent with Rule 38. To the extent the failure to assert a right to a jury trial in an answer constitutes a waiver of the right, the waiver is limited to the claims addressed in the answer. In other words, because its

partial answer filed in response to the original complaint did not include a jury trial demand—even if the answer was filed only out of an abundance of caution—Defendant would have waived its right to a jury trial as to the breach of contract, violation of the Federal Defend Trade Secrets Act, and replevin claims, but not as to the misappropriation of trade secrets claim.

**B.     Request for Jury Trial (Rule 39)**

Pursuant to Federal Rule of Civil Procedure 39, "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b).[3] Consistent with the Rule, the First Circuit has determined that "the district court may, in its discretion, excuse a party's waiver of a jury trial." *T G Plastics Trading Co. v. Toray Plastics (Am.), Inc.*, 775 F.3d 31, 36 (1st Cir. 2014). The court's discretion to do so "is very broad." *Id.* (quoting *Rowlett v. Anheuser-Busch, Inc.*, 832 F.2d 194, 199 – 200 (1st Cir. 1987)). The typical factors that guide the exercise of discretion include: (1) whether the issues are best tried to a jury; (2) whether relief from waiver would disrupt the court's schedule or that of the adverse party; (3) the degree of prejudice to the adverse party; (4) the length of any resulting delay; and (5) the reason for the movant's tardiness in requesting a jury trial. *Id.*

The claims asserted by Plaintiff (i.e., breach of contract, violation of the Federal Defend Trade Secrets Act, and replevin) are routinely tried to a jury. *See, e.g.*, *Washington Ice Co. v. Webster*, 125 U.S. 426, 428 (1888) (discussing replevin claim tried before a jury); *T G Plastics Trading Co.*, 775 F.3d at 36; *Dead River Co. v. Boyington*, 2:22-cv-00049-JAW, 2023 WL

---

[3] Defendant's request for a jury trial may be treated as the motion necessary under Rule 39(b). *E.g.*, *Horwitz*, 677 F. Supp. at 567.

6794067, at *3 (D. Me. Oct. 13, 2023). Furthermore, because the Court has determined that Defendant is entitled to a trial by jury on the misappropriation of trade secrets claim, allowing the other claims to be tried by jury as well would not impact the court's calendar.

As to prejudice, courts have found that prejudice may arise if a party has been preparing for a bench trial as opposed to a jury trial. *See Doelger v. JPMorgan Chase Bank, N.A.*, Civil No. 21-11042-AK, 2024 WL 38743, at *6 (D. Mass. Jan. 3, 2024); *Estate of Leavitt-Rey v. Marrero-Gonzalez*, Civil No. 16-2769 (RAM), 2019 WL 4391443, at *5 (D.P.R. Sept. 13, 2019). However, courts are reluctant to find prejudice if the non-moving party cannot cite to any specific prejudicial effect a jury trial would have on the party's case. *See Rivera Rosa v. Citibank, N.A.*, 549 F. Supp. 155, 157 (D.P.R. 2007) (disregarding defendant's argument that discovery would have been conducted differently if defendant was preparing for jury trial rather than bench trial); *CPH Int'l, Inc. v. Phoenix Assur. Co. of New York*, No. 92 Civ. 2729 (SS), 1993 WL 485356, at *2 (S.D.N.Y. Nov. 24, 1993) (quoting *Unger v. Cunard Line, Inc.*, 100 F.R.D. 472, 473 (S.D.N.Y. 1984)) ("[A] defendant's longstanding reliance on a bench trial mandates denial of an untimely jury demand only if, as a result of such reliance, such defendant had prepared its case so differently 'that it would be unduly prejudiced by the prospect of a trial by jury.'").

Plaintiff argues that for more than a year it believed the case would be decided by the Court, rather than a jury, and prepared accordingly. Plaintiff's belief was reasonable based not just on the partial answer to the original complaint, which did not include a jury demand, but also based on the joint objection to the scheduling order and the resulting scheduling order. Plaintiff, however, has not identified a strategy or a decision that would have differed if Defendant had demanded a jury trial in its partial answer. For instance, Plaintiff has not

7

identified, and the Court cannot otherwise discern, any discovery-related strategic decisions that were dictated by Plaintiff's belief that the matter would be tried to the Court. For a significant portion of the time the case has been pending, the parties have been engaged in motion practice regarding the nature of Plaintiff's claims and whether Plaintiff could proceed on its claims. The Court thus understands that despite the passage of time, the parties have much discovery to complete. Under the circumstances, the Court is not convinced that Plaintiff would be prejudiced if the Court allowed the claims to be tried to a jury.

Turning to the final factor, the reason for the delay is more relevant and potentially significant when the delay results in a corresponding delay in the trial or in some prejudice to another party. *See Felekey v. American Tel. & Tel. Co.*, No. 3:02 CV 691 (CFD), 2006 WL 2949279, at *1-2 (D. Conn. 2006) (allowing a late jury demand where delay was the result of inadvertence in the absence of prejudice, delay, and bad faith). Where an untimely jury demand, if allowed, would result in the delay of the trial or prejudice to another party, the Court must assess the reason for the untimely demand to determine whether the reason is compelling enough to justify the resulting trial delay and prejudice. In this case, as explained above, allowing a jury trial on the claims for which there was not a timely jury trial demand would not result in a change to the schedule or prejudice Plaintiff.

Defendant asserts that it delayed in requesting a jury trial because it believed the jury demand was due only when it answered all of Plaintiff's claims in full in its answer on August 7, 2024. Plaintiff contends that Defendant's "*post-hac* rationale for its failure to demand a jury trial on [Plaintiff's] claims until after the Court stayed its counterclaim is unpersuasive." (Plaintiff's Reply in Support of Motion to Strike at 5.) Plaintiff's argument is not without merit. For example, if Defendant believed it prudent, although unnecessary, to file a partial

answer with a jury trial demand on May 16, 2024, the same prudence would support the inclusion of the jury trial demand in Defendant's original partial answer. While Plaintiff's explanation for the delay is not particularly compelling, given that the other factors militate in favor of allowing a jury trial, "the lack of a compelling reason for the delay in requesting a jury trial is not sufficient to deny [Defendant its] constitutional right to a trial by jury." *Dead River Co.*, 2023 WL 6794067, at *3.

## CONCLUSION

Based on the foregoing analysis, the Court denies Plaintiff's motion to strike jury demand.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 21st day of October, 2024.