UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JUBILANT GENERICS LIMITED, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:23-cv-00237-JCN |
| | ) | |
| DECHRA VETERINARY PRODUCTS, LLC, | ) | |
| | ) | |
| | ) | |
| Defendant | ) | |

**ORDER ON MOTION TO AMEND SCHEDULING ORDER**

Plaintiff seeks to modify the Scheduling Order to extend the deadline for the amendment of pleadings and joinder of parties. (Motion to Amend Scheduling Order, ECF No. 107.) Plaintiff maintains the extension is warranted to permit the parties' representatives to complete discussions that might resolve the case before Plaintiff decides whether to join additional defendants. Defendant opposes the motion citing the procedural history of the case, which includes prior amendments to the deadline, the failure of Plaintiff to identify the potential defendants, and the proximity of the requested deadline to the discovery deadline as with the extension, Defendant would likely be unable to conduct meaningful discovery without a delay in the conclusion of the case.

The issue presented by Plaintiff's motion is not whether to permit Plaintiff to join additional defendants. Plaintiffs can at any time move to amend its complaint to join additional defendants. The scheduling order deadline to amend and join parties informs the standard the Court would apply when assessing whether to permit the amendment.

Federal Rule of Civil Procedure 15(a)(1) permits a litigant to amend a pleading "as a matter of course" subject to certain time constraints. However, when a party seeks to amend a complaint more than 21 days after the filing of a responsive pleading, the other party's consent or leave of court is required in order to amend the complaint. Fed. R. Civ. P. 15(a)(2). In such a case, the court is to grant leave to amend "freely" when "justice so requires." *Id.*; *see also Foman v. Davis,* 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'").

The standard is elevated when the motion to amend is filed after the court's scheduling order deadline for amendment of pleadings. A motion to amend that is filed beyond the deadline established in a scheduling order requires an amendment of the scheduling order. To obtain an amendment of the scheduling order, a party must demonstrate good cause. *Johnson v. Spencer Press of Maine, Inc.*, 211 F.R.D. 27, 30 (D. Me. 2002); *El–Hajj v. Fortis Benefits Ins. Co.,* 156 F. Supp. 2d 27, 34 (D. Me. 2001); Fed. R. Civ. P. 16(b)(4). A court's decision on good cause "focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." *Steir v. Girl Scouts of the USA,* 383 F.3d 7, 12 (1st Cir. 2004). "Particularly disfavored are motions to amend whose timing prejudices the opposing party by 'requiring a re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy.'" *Id.* (quoting *Acosta–Mestre v. Hilton Int'l of*

2

*P.R., Inc.,* 156 F.3d 49, 52 (1st Cir. 1998)).  Ultimately, it falls to the court's discretion whether to grant a motion to amend, and that discretion should be exercised based on the particular facts and circumstances of the case.  *Id.*  Regardless of whether a motion to amend the complaint is filed before or after the deadline, the Court would assess whether the amendment would result in undue delay of the proceedings and prejudice to other parties.

Given the public policy encouraging settlement, *see e.g.*, Fed. R. Evid. 408 advisory committee's note to 1972 amendment (grounds for rule excluding evidence of settlement offers include the "promotion of the public policy favoring compromise and settlement of disputes"), the Court finds Plaintiff's reason for the extension—to permit the parties' representatives to explore fully a possible resolution of the case—to constitute good cause for the amendment.  The Court emphasizes that by extending the deadline, the Court has made no determination that any amendment of the complaint, whether to join additional parties or to modify the allegations against Defendant, would be permitted.  The Court will assess the merit of any proposed amendment at the time it is requested.

In accordance with the foregoing analysis, the Court grants in part Plaintiff's motion to amend the scheduling order.  The Court extends the deadline for the amendment of pleadings and joinder of parties to December 16, 2024.

> /s/ John C. Nivison
> U.S. Magistrate Judge

Dated this 15th day of November, 2024.